Beard v. Hale, appellant.

*Witness — impeachment of.*

In an action on a promissory note where the defense is usury, it is inadmissible to ask the defendant, for the purpose of impairing his credibility, whether he had set up usury in other suits. *Pooler* v. *Curtiss, ante,* page 228, followed.

As to the credibility of a witness sought to be impeached, after showing by a sustaining witness his general good character, the question may be properly asked, "Were he a witness and you a juror, would you believe him under oath?" So it is admissible after a witness has testified that he knew his reputation in the neighborhood, to ask the question, "From what you know of his general reputation, would you believe him under oath?"

The inquiry as to the reputation of a witness sought to be impeached must be confined to the neighborhood in which he lives. And a question in the form, "Do you know his reputation among his acquaintances?" or "Do you know his reputation among the people of the village and vicinity?" is inadmissible.

Where the parties are limited to six witnesses on each side, in respect to the credibility of a witness sought to be impeached, neither party has a right to call other witnesses in place of those who have testified that they had not the means of knowing the character of the witness sought to be impeached.

APPEAL by defendant from a judgment on the report of a referee in favor of plaintiff.

The action was brought by Huntington Beard against Mark Hale, upon several promissory notes. The defense was payment and usury upon two of said notes.

*Lyman & James*, for appellant.

*L. C. Gardner*, for respondent.

MULLIN, P. J.

The point passed upon in this case of most importance is similar to that passed upon in *Pooler* v. *Curtiss, ante*, p. 228, in regard to evidence of the witness previously taking usury in the former case, and previously setting up the defense of usury in this case. The opinion states:

"In this case the question was put to the defendant whether he had in other cases put in the defense of usury not for the purpose of proving that usury was not paid, as alleged by him, for it could not have such operation, but for the purpose of affecting his character and credit, and to induce the jury to believe that a person who would put in the defense of usury was unworthy of credit.

It surely cannot be the law that a jury may be instructed that defending one's self against actions on usurious contracts may be considered by them as disreputable, and impair the credit of the person who puts in such a defense. If this evidence was admissible for any purpose, it seems to me it was competent for the defendant's counsel to ask the witness whether plaintiff had not, in one of the cases in which he had pleaded usury, admitted that he had taken usury. A better illustration of the mischief that would result from allowing such evidence to be given could not readily be imagined. If the plaintiff admitted the usury in one case, the court might very well conclude he was guilty of taking it in the case before him, and

that the credit of the witness, instead of being impaired, was actually strengthened. Such evidence cannot be competent."

The other matters passed upon appear in the head-note.

*Judgment reversed and new trial ordered.*